IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERIC CRAFT, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20-cv-00779 |
| v. | ) | |
| | ) | |
| J.C. STREEVAL, WARDEN, | ) | By: Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Eric Craft, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Craft challenges the validity of a federal sentence imposed in the United States District Court for the Middle District of Pennsylvania. The respondent has filed a motion to dismiss the petition, arguing that the court lacks jurisdiction over the petition and that Craft's claims lack merit. ECF No. 10. Upon review of the record, the court concludes that it lacks jurisdiction over the petition. Therefore, it must be **DISMISSED**.

**I.     BACKGROUND**

In 2002, Craft entered a plea of guilty to a superseding information, which charged him with causing the death of another by the use of a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924(j). See United States v. Craft, 514 F. App'x 91, 92 (3d Cir. 2013). In exchange for his plea of guilty, the government agreed to dismiss the superseding indictment against Craft. Id. He was subsequently sentenced to a term of imprisonment of 480 months, and the United States Court of Appeals for the Third Circuit affirmed his conviction and sentence on direct appeal. Id. (citing United States v. Craft, 139 F. App'x 372

(3d Cir. 2005)). In 2006, the Middle District of Pennsylvania denied Craft's first motion to vacate under 28 U.S.C. § 2255, and the Third Circuit declined to issue a certificate of appealability. Id. (citing United States v. Craft, No. 07-1060 (3d Cir. July 30, 2007)). Since then, Craft has filed numerous post-conviction motions, all of which have been denied. Id.; see also United States v. Craft, No. 1:02-cr-00011, ECF No. 490, at 1–2 (M.D. Pa. Dec. 17, 2019) (noting that Craft has filed, among other motions, "no fewer than . . . twenty-five putative § 2255 motions").

Craft is currently incarcerated at United States Penitentiary Lee in Pennington Gap, Virginia. He filed the current petition on December 31, 2020.[1] Craft argues that he was sentenced under the incorrect Guidelines range, rendering his sentence invalid in light of the Supreme Court's decision in Molina-Martinez v. United States, 136 S. Ct. 1338 (2016). See Pet., ECF No. 1, at 2, 8. Craft further argues that he is entitled to seek relief under 28 U.S.C. § 2241 based on the Fourth Circuit's decisions in In re Jones, 226 F.3d 328 (4th Cir. 2000) and United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). Id. at 2.

## II.   DISCUSSION

Generally, defendants who are convicted in federal court "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'"

---

[1] An earlier petition filed in the Western District of Virginia, which challenged the same conviction and sentence on different grounds, was dismissed in March 2020. See Craft v. Breckon, No. 7:19-cv-0317, 2020 U.S. Dist. LEXIS 46012 (W.D. Va. Mar. 17, 2020).

Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. Wheeler, 886 F.3d at 425–26. Thus, unless the requirements are met, a district court may not entertain a § 2241 petition that challenges the validity of a federal conviction or sentence. Id.

"In evaluating a § 2241 petition brought pursuant to the savings clause, [the court must] consider Fourth Circuit procedural law but the substantive law of the circuit in which the petitioner was convicted." Diaz v. Warden FCI Bennettsville, 858 F. App'x 664, 665 (4th Cir. 2021) (citing Hahn, 931 F.3d at 300–01). The Fourth Circuit "first considered the kinds of collateral attacks that may trigger the 'savings clause' in In re Jones, 226 F.3d at 329." Farkas v. Warden, FCI Butner II, 972 F.3d 548, 556 (4th Cir. 2020). The Court concluded that § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 328 F.3d at 333–34 (paragraph breaks added).

More recently, in Wheeler, the Fourth Circuit "outlined when the savings clause may be used to challenge erroneous sentences." Lester v. Flournoy, 909 F.3d 708, 712 (4th Cir. 2018). The Court held that § 2255 is inadequate and ineffective to test the legality of a sentence when the following requirements are met:

3

>(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
>(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
>(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
>(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (paragraph breaks added). If any one of the requirements of Wheeler or Jones is not satisfied, the court is deprived of jurisdiction and may not "entertain[] [the petition] to begin with." Id. at 425.

To the extent Craft is challenging the legality of his sentence, he fails to meet the second prong of the Wheeler test. He does not point to any change in the substantive law applicable to his sentence that applies retroactively on collateral review. The decision on which he primarily relies, Molina-Martinez v. United States, addressed the issue of "how to determine whether the application of an incorrect Guidelines range at sentencing affected the defendant's substantial rights" for purposes of plain-error review. 136 S. Ct. at 1345. The Supreme Court held that a district court's "reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights" and that a defendant ordinarily "will not be required to show more." Id. at 1347. As the government correctly points out, however, Molina-Martinez did not change the settled substantive law applicable to Craft's sentence. Instead, the decision resolved a circuit split in favor of the approach taken by "[m]ost Courts

4

of Appeals," including the Third Circuit.² Id. at 1348. In 2001, before Craft was sentenced, the Third Circuit held that the application of an incorrect Guidelines range is presumptively prejudicial, even if the sentence imposed falls within the correct range. United States v. Knight, 266 F.3d 203, 207 (3d Cir. 2001). Consequently, Molina-Martinez did not change the settled substantive law for purposes of Wheeler's second prong. See Rosado v. United States, No. 3:15-cv-00718, 2018 U.S. Dist. LEXIS 33079, at *6 (D.N.J. Mar. 1, 2018) (holding that Molina-Martinez did not provide a basis for the petitioner to belatedly raise a claim of sentencing error since "any claim regarding an alleged error in the Guidelines range could have been raised on direct appeal under then-existing Third Circuit precedent") (citing Knight, 266 F.3d at 207).

Moreover, even if Craft could demonstrate that Molina-Martinez changed settled substantive law, the decision has not been deemed to apply retroactively on collateral review. See In re Jones, No. 18-13087, 2018 U.S. App. LEXIS 32888, at *7 (11th Cir. Nov. 20, 2018) (observing that "the Supreme Court itself has not held that [Molina-Martinez is] retroactively applicable to cases on collateral review, nor does any combination of cases necessarily appear to dictate [its] retroactivity"); In re Nathan, No. 16-2724, 2017 U.S. App. LEXIS 14993, at *3 (6th Cir. Aug. 11, 2017) (emphasizing that "the Supreme Court did not make the holding in Molina-Martinez retroactive to cases on collateral review"); James v. Streeval, No. 7:21-cv-00191, 2021 U.S. Dist. LEXIS 148926, at *5 n.2 (W.D. Va. Aug. 21, 2021) (noting that the petitioner "fail[ed] to demonstrate . . . that the Molina-Martinez decision has been applied

---

² As indicated above, the court must "look to the substantive law of the circuit where a defendant was convicted" in "evaluating substantive claims under the savings clause." Hahn, 931 F.3d at 301. Since Craft was convicted in the Middle District of Pennsylvania, the substantive law of the Third Circuit governs his petition.

retroactively to cases on collateral review"). Thus, Craft cannot rely on Molina-Martinez to proceed under § 2241.

In response to the government's motion, Craft cites two additional decisions in support of his argument that his sentence is "defective": United States v. Berrios, 676 F.3d 118 (3d Cir. 2012) and Dean v. United States, 137 S. Ct. 1170 (2017). See Resp. to Mot. to Dismiss, ECF No. 13, at 1. However, neither decision altered the substantive law applicable to Craft's sentence. In Berrios, the Third Circuit held that a sentence imposed under 18 U.S.C. § 924(j) must run consecutively to any other sentence, 676 F.3d at 140–44, and in Dean, the Supreme Court held that district courts are not prevented "from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense," 137 S. Ct. at 1178. Here, Craft was sentenced for a single offense under § 924(j). Accordingly, Berrios and Dean are inapplicable. Additionally, "Dean has not been held to apply retroactively on collateral review." Habeck v. United States, 741 F. App'x 953, 954 (4th Cir. 2018) (affirming the dismissal of a § 2241 petition for lack of jurisdiction).

Because Craft has not shown that "settled substantive law changed and was deemed to apply retroactively on collateral review," his petition does not satisfy all of the requirements of Wheeler. 886 F.3d at 429. Accordingly, Craft cannot challenge the legality of his sentence under § 2241.

To the extent Craft is challenging the legality of his conviction, he similarly fails to satisfy the test articulated in Jones, 328 F.3d at 333–334. Craft has not shown that there has been an intervening change in substantive law that made the conduct of which he was

6

convicted no longer criminal. Id. at 334. Therefore, he cannot challenge the legality of his conviction under § 2241.

### III. CONCLUSION

For the reasons stated herein, the court concludes that Craft cannot proceed under § 2241 because he fails to meet the requirements to invoke the savings clause of 28 U.S.C. § 2255(e). Therefore, the court **DISMISSES** Craft's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: November 19, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.11.19 15:40:30
-05'00'

Michael F. Urbanski
Chief United States District Judge